Dickman, J.
It is contended in behalf of the plaintiff, that under the statutes in force in the year 1886, an action was maintainable in equity to charge the separate estate of Mrs. Stanage—a non-resident of this state—upon her alleged liability under the written agreement entered into between herself and the plaintiff; and that the court acquired jurisdiction through constructive service by publication.
Manifestly, from the terms of the agreement, the "wife, in becoming surety for her husband, intended to charge her separate real and personal property, in the amount specified, for the payment of any future indebtedness he might incur to the company, as a purchaser of or as an agent for the sale of its goods and merchandise. Whether there is, in fact, any indebtedness of the husband for which the wife’s estate should be liable, is not an issue that has been reached, the only inquiry having been as to a remedy by equitable procedure, and the sufficiency of service by publication.
If no personal judgment could be rendered against the wife, the obvious remedy of the plaintiff would be, an appeal to the court, in the exercise of its equity powers, to lay hold of the wife’s separate property, and apply it in payment of her equitable obligations. Although no specific lien was created on her" separate property by the written contract; yet, there would be an equitable charge upon her estate, and a liability of it to be taken in payment by decree, as a man’s property may be taken on execution.
*426 But by statutes—in force when the written agreement in question was entered into, and when the original action was commenced—a married woman may now sue and be sued at law as if she were an unmarried woman; and any judgment rendered against her, may be enforced as if she were unmarried, and her property may be taken on execution to satisfy such judgment, to the same extent that the property of her husband might be taken in satisfaction of a judgment against him.
By section 3109, of the Revised Statutes (act of April 14, 1884, 81 Ohio Raws, 209): “The separate property of the wife shall be under her sole control, and shall not be taken by any process of law for the debts of her husband, or be in any manner conveyed or incumbered by him, and she may, in her own name, during coverture, contract to the same extent and in the same manner as if she were unmarried.”
By section 4996 (act of March 20, 1884, 81 Ohio Raws, 65), “A married woman shall sue and be sued as if she were unmarried, and her husband shall be joined with her only when the cause of aclion is in favor of or against both her and her husband.”
And by section' 5319 (act of March 20, 1884, 81 Ohio Raws, 65), “When a married woman sues or is sued, like proceedings shall be had and judgment rendered and enforced as if she were unmarried, and-her property and estate shall be liable for the judgment against her, but she shall be entitled to the benefits of all exemptions to heads of families.”
The established rule in equity is, that a feme covert, acting with respect to her separate property, is competent to act in all respects, as if she were a feme sole, though, she is not so far a feme sole that a personal decree can be had against her. Peacock v. Monk, 2 Ves. Sen. 190; Hulme v. Tenant, 1 Br. C. C. 19; Clan. H. & W„ 282, 331, 2 Am. ed., 1837. But, by the statutes of this state, a new policy has been adopted and a radical change effected; and a married woman has been placed upon the same footing with her husband, in respect to the judgments or decrees that may be rendered *427 against her, and as to the remedial rights of creditors against her separate estate.
It is urged, however, on the part of the plaintiff, that the legislature designed to give a twofold remedy, or to enlarge the remedy for and against married women, by authorizing an action at law—thus opening all forums as to her, and not only granting the creditor the right to sue at law, but leaving to him also his remedy by suit in equity, where under the adjudications, that right exists. But, the evident intention of the legislature was not to enlarge or vary the liabilities of the wife, but merely to change the form of remedy. If the husband were sued as surety for another, upon an agreement in writing substantially the same as that to which Mrs. Stanage became a party, it would not be claimed, that by the terms of the agreement, his estate might be subjected in equity by a proceeding in rein; and the remedy would be restricted to a personal judgment against him at law, to be followed by execution. Nor is it to be held, that under the statutory provisions relieving the wife from the trammels of coverture, and placing her as a feme sole on the same plane with her husband in prosecuting and defending her property rights in the courts she was to be burdened with increased remedies and liabilities, by not only authorizing against her, as against her husband, a personal judgment at law, but also subjecting her to the alternative remedy of having her separate estate, at the election of the creditor, charged in equity, though not encumbered by any specific lien.
Did the court acquire jurisdiction through service by publication? By section 5048, of the Revised Statutes, regulating constructive service, it is provided, that service may be had by publication:
“ 3. In actions in which it is sought by a provisional remedy to take, or appropriate in any way, the property of the defendant, when the defendant is a foreign corporation, or a non-resident of this state, or the defendants’ place oí residence is unknown.”
“4. In actions which relate to, or the subject of which is,real or personal property in this state, when a defendant *428 has or claims a lien thereon, or an actual or contingent interest therein, or the relief demanded consists wholly or partly in excluding him from any interest therein, and such defendant is a non-resident of this state, or a foreign corporation, or his place of residence can not be ascertained.”
The plaintiff did not see fit to resort to the provisional remedy of attachment, with or without proceedings in garnishment. His service on the defendant, by publication, did not, therefore, avail him under clause three of the above named section of the statutes. And as to clause four of the section, if in the original action, Mrs. Stanage was to be regarded in the light of a feme sole, against whom it was competent to render a personal judgment at law, the written contract into which she had entered might furnish ground upon which to base an action at law, for the recovery of money only, with personal judgment against her, to be enforced as if she were unmarried. But, we find no provision in the written contract, that would entitle the plaintiff to maintain an action—within the meaning of clause four—of which .the subject might be real or personal property, and in which the relief demanded might consist in excluding the defendant from her interest in such property.

Judgment affirmed.